UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA
Plaintiff.

Docket No. 2:26-cr-00027-2

v.

SERGIO GOMEZ ROMERO
Defendant.

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

COMES NOW the Defendant, by and through counsel, David Sleigh and Chloe Vickers, and respectfully notices his opposition to the Government's *Motion for Pretrial Detention*. The Bail Reform Act does not permit detention based on immigration status alone, nor may the Court order detention merely because Immigration and Customs Enforcement may detain or remove Mr. Gomez Romero. 18 U.S.C. § 3142(d); See *United States v. Perez-Vasquez*, 779 F. Supp. 3d 248, 254 (N.D.N.Y. 2025). The proper inquiry is whether a condition or combination of conditions can reasonably assure appearance and protect public safety, and the Government has failed to prove otherwise by a preponderance of the evidence. 18 U.S.C. § 3142; *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

**Memo**

The Government's motion rests primarily on two themes: Mr. Gomez Romero is allegedly unlawfully present, and there may be immigration consequences if he is released, but Congress specifically addressed noncitizens in 18 U.S.C. § 3142(d), and that provision does not authorize categorical detention. Where the Government fears immigration detention or removal, the Bail Reform Act requires an individualized release analysis under 18 U.S.C. § 3142, not

SLEIGH LAW
ATTORNEYS AT LAW
P.O. BOX 278
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

automatic detention based on alienage.

The Second Circuit has made clear that the Government bears the burden of showing, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance and ensure public safety. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). Here, the Government has not identified any individualized facts showing that Mr. Gomez Romero poses a risk of flight, and it concedes there is no dangerousness claim and no criminal record. Therefore, its motion should be denied.

## I. Legal Standard

Under 18 U.S.C. § 3142, a court must release a defendant on personal recognizance, unsecured bond, or on conditions, unless it finds that no condition or combination of conditions will reasonably assure appearance or promote public safety.

The Second Circuit has held: "The government bears the ultimate burden to prove by a preponderance of the evidence that the defendant is a flight risk." *Mercedes*, supra. In evaluating that question, the Court considers the factors listed in 18 U.S.C. § 3142(g), including the nature and circumstances of the offense, the weight of the evidence, and the defendant's history and characteristics. Notably, the statute does not permit detention simply because a defendant is subject to immigration proceedings.

While detention hearings are informal and may proceed by proffer, the Government must present an individualized basis for detention. *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995).

## II. Argument

### a. Immigration status alone is not a lawful basis for pretrial detention.

The Government's detention theory appears to be that because Mr. Gomez Romero is allegedly unlawfully present, he may be detained or removed by immigration authorities, and therefore the Court should detain him pretrial. That reasoning is contrary to the Bail Reform Act.

The Ninth Circuit's reasoning in *United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir.

SLEIGH LAW
ATTORNEYS AT LAW
P.O. BOX 278
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

2015) is directly on point. The court held that detention was improper where the district court relied on the likelihood that the defendant would be placed in immigration detention and removed, thereby preventing appearance. *Santos-Flores*, 794 F.3d 1088, 1090. The court explained that Congress did not exclude removable aliens from the Bail Reform Act's protections and that a district court may not substitute a categorical detention rule for the individualized analysis required by 18 U.S.C. § 3142. *Id*.

"Many undocumented immigrants are not unmanageable flight risks." *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 785 (9th Cir. 2014) (en banc). When the Ninth Circuit held that an Arizona law that categorically denied bail to undocumented immigrants was unconstitutional, it examined the legislative record and concluded that there was "no evidence that undocumented status correlates closely with unmanageable flight risk." *Id*. at 786. In holding Arizona's no-bail-for-undocumented immigrants law to be unconstitutional, the Ninth Circuit stressed that an individualized inquiry about a particular person's flight risk might lead to the conclusion that his or her flight risk is not unmanageable even though he or she is undocumented. The "pertinent inquiry" respecting pretrial detention is not merely whether an "undocumented immigrant arrestee[]" presents a "flight risk," but "whether the arrestee is an unmanageable flight risk." *Id*.

**b. Any concern about immigration detention or removal is not the same as a finding that Mr. Gomez Romero presents a risk of flight.**

The relevant question under 18 U.S.C. § 3142 is whether Mr. Gomez Romero will fail to appear. A possible decision by immigration authorities is not equivalent to a voluntary act of nonappearance.

Even if a person presents a "serious risk" of fleeing before trial — because they have demonstrated some actual inclination to flee rather than some mere ability to do so — the Bail Reform Act requires that person to be released if release conditions cannot "reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e)(1). The Act "does not seek ironclad guarantees, and the requirement that the conditions of release 'reasonably assure' a defendant's

SLEIGH LAW
ATTORNEYS AT LAW
P.O. BOX 278
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

appearance cannot be read to require guarantees against flight." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992). "The structure of the statute mandates every form of release be considered before detention may be imposed. That structure cannot be altered by building a 'guarantee' requirement atop the legal criterion erected to evaluate release conditions in individual cases." *United States v. Orta*, 760 F.2d 887, 892 (8th Cir. 1985). "Mere opportunity for flight is not sufficient grounds for pretrial detention." *United States v. Himler*, 797 F.2d 156, 162 (3d Cir. 1986).

The Ninth Circuit has explained that the risk of nonappearance must involve an element of volition. *Santos-Flores*, 794 F.3d 1088, 1091. That distinction matters here. If the Government's concern is that federal immigration authorities might take custody of Mr. Gomez Romero, that is not proof that he will abscond, nor is it a lawful basis to detain him criminally under the Bail Reform Act. The Government's theory would improperly convert alienage into a proxy for flight risk. The statute does not permit that result.

**c. The Government has not shown that no combination of conditions can reasonably assure appearance and promote public safety.**

The Government's motion is notably thin on individualized facts. It asserts that Mr. Gomez Romero has "international ties" and lacks ties to Vermont, but those assertions are not enough to satisfy the Government's burden in demonstrating that there is no condition or combination of conditions that can reasonably assure appearance and protect public safety.

The Court can impose robust release conditions tailored to appearance, including:

1) third-party custodianship;
2) home confinement or curfew;
3) GPS monitoring;
4) surrender of passport and travel documents;
5) restrictions on travel to the District;
6) regular reporting to Pretrial Services;

SLEIGH LAW
ATTORNEYS AT LAW
P.O. BOX 278
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

7) any other condition the Court deems necessary under 18 U.S.C. § 3142(c).

These conditions address appearance without resorting to detention. The Government has not shown that they would be inadequate.

**d. The Government's cited "facts" do not justify detention on this record.**

The Government points to the charged offense and alleged international communications. But the motion expressly states that the United States is "not alleging or seeking a finding of dangerousness under 18 U.S.C. § 3142(g)(4)." That narrows the inquiry to appearance.

Mr. Gomez Romero also has no criminal record. While the Government discounts that fact, the absence of any criminal history weighs against detention under 18 U.S.C. § 3142(g)(3). On this record, the Government has not shown that Mr. Gomez Romero is unwilling to comply with court orders, particularly where he can be subjected to significant conditions of release.

**e. The factors that must be considered by the Court support pretrial release.**

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court shall consider several factors. 18 U.S.C. § 3142(g).

In considering the nature and circumstances of the charged offenses, the allegations against Mr. Gomez Romero are not crimes of violence, violations of section 1591, or federal crimes of terrorism. 18 U.S.C. § 3142(g)(1). The allegations do not involve a minor victim or a controlled substance, firearm, explosive, or destructive device. *Id.*

In considering the history and characteristics of Mr. Gomez Romero pursuant to 18 U.S.C. § 3142(g)(3), the following supports pretrial release:

1) He has resided in the United States for 25 years. He has spent 24 of those years in Queens, New York;

2) He is a father to three children. He has two daughters (ages 12 and 10) and one son (age 4). His daughters attend school in Queens, New York. His son requires a hearing implant and is autistic;

SLEIGH LAW
ATTORNEYS AT LAW
P.O. BOX 278
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

3) He has been employed at the same restaurant for 12 years;

4) He has family ties to the United States, including a sister who also lives in NewYork;

5) He does not have a criminal record; and

6) At the time of the current offense or arrest, Mr. Gomez Romero was not on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

Lastly, the United States noted in its own motion that it is not alleging or seeking a finding of dangerousness under 18 U.S.C. § 3142(g)(4).

WHEREFORE, Defendant respectfully requests this Honorable Court deny the Government's *Motion for Pretrial Detention* and order Mr. Gomez Romero released subject to conditions reasonably assuring his appearance.

DATED at St. Johnsbury, VT on May 20, 2026

Respectfully submitted,

David Sleigh
Counsel for Sergio Gomez Romero

Chloe Vickers
Counsel for Sergio Gomez Romero

SLEIGH LAW
ATTORNEYS AT LAW
P.O. BOX 278
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176